IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DESIGN IDEAS, LTD., an Illinois Corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. |
| MEIJER, INC., a Michigan Corporation, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271, for infringement of a federally registered trademark under section 32 of the Trademark Act of 1946, as amended, (the "Lanham Act") 15 U.S.C. § 1114, for trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for related claims under the laws of the State of Illinois for deceptive trade practices under the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 et seq., and common law unfair competition. The claims arise out of Defendant's actions with respect to certain products, as more fully described herein, developed, owned and patented by Plaintiff and marketed and sold by Plaintiff under its **MESH TRADE DRESS.**

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1338(a) and (b), 15 U.S.C. § 1121(a), and exclusive jurisdiction

1

pursuant to 28 U.S.C. §1338(a) with respect to the claims for patent infringement. This Court has jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367 (a).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) and §1400(a) and (b).

## THE PARTIES

4. Plaintiff, Design Ideas, Ltd. ("Design Ideas"), is a corporation organized and existing under the laws of the state of Illinois, and maintains its principal place of business at 2521 Stockyard Road, Springfield, Illinois. Design Ideas is engaged in the business of manufacturing and distributing highly decorative and useful items including a line of products sold under its **MESH TRADE DRESS**. Design Ideas is the sole assignee of the patents-in-suit, as defined below.

5. Defendant, Meijer, Inc. ("Meijer") is a corporation organized and existing under the laws of the state of Michigan, and maintains its principal place of business at 2929 Walker Ave. NW, Grand Rapids, Michigan. Meijer operates more than 170 combination grocery and general merchandise stores throughout the Midwest, and does business and has committed the acts complained of in the Central District of Illinois.

## DESIGN IDEAS' PATENTS

6. In the late 1980's, plaintiff Design Ideas began developing and marketing a series of organizers and storage devices made of an instantly recognizable metallic mesh material, including stacking bins, zip boxes, CD boxes, tabletop files, DVD boxes, drawer organizers and file boxes. In order to protect the highly novel, original and

ornamental aspects of its products, Design Ideas embarked on a program of applying for and obtaining design patent protection.

7. Among the patents which it obtained and which are assigned to Design Ideas are United States Design Patent Des. 419,302 (the "'302 patent") issued on January 25, 2000, entitled MESH BASKET; United States Design Patent Des. 433,711 (the "'711 patent") issued on November 14, 2000, entitled ORGANIZER and United States Design Patent D451,675 S (the "'675 patent") issued on December 11, 2001, entitled MESH BASKET. True and correct copies of the '302, '711 and '675 patents are attached hereto and made a part hereof by reference. These patents are referred to collectively sometimes hereafter as DI's Patents.

## DESIGN IDEAS' TRADE DRESS

8. As noted above, Design Ideas has been marketing a series of mesh organizers and storage devices instantly recognizable by their unique metallic mesh surfaces and has promoted the sale of these products by using the catch-phrase **THE LEADER IN MESH** in connection therewith. While some of these products are protected by United States Design Patents, others are not. However, because of their non-functional, distinctive appearance they, along with the patented products, have imbued Design Ideas' entire line of mesh storage and organizing products with secondary meaning among the relevant trade and public. Among the products included in this product line are **MESH TRADE DRESS** marked bookends, business card holders, CD boxes, file boxes, wastebins, stacking bins, letter holders, DVD boxes, file racks, desk organizers, doodad cups, pencil cups, magazine files, stacking bins, tabletop files and zip disc boxes. Thus, the design,

image and appearance of these **MESH TRADE DRESS** marked products have come to signify Design Ideas' trade dress and Design Ideas as their single source.

## DESIGN IDEAS' UNITED STATES TRADEMARK REGISTRATION

9. Design Ideas is the owner of United States incontestable Trademark Registration No. 2,415,780, which registered on December 26, 2000, for the mark **STEPSORTER** for "wire mesh desk accessories for sorting letters, papers and the like, namely, desk top document racks, desk top document stands and desk top file trays." Design Ideas has used the mark on these goods in interstate commerce continuously since January 9, 1997.

## MEIJER'S INFRINGING ACTIVITIES

10. Defendant Meijer was a customer of Design Ideas for its mesh products until recently, when it decided to have the very mesh products it had been purchasing from Design Ideas made elsewhere and imported into this country. Meijer knew these items to be proprietary to Design Ideas, yet Meijer began and has continued to offer for sale and import them into this country. These items include **MESH TRADE DRESS** - marked bookends, business card holders, CD boxes, desk organizers, doodad cups, drawer organizers, file boxes, pencil cups, letter holders, magazine files, wastebins, stacking bins, desktop file holders and zip disc boxes. All of these **MESH TRADE DRESS** - marked items are substantially similar to those Meijer previously purchased from Design Ideas despite the fact that it knew the product line to be proprietary to Design Ideas.

11. Additionally, Meijer has been marking its **MESH TRADE DRESS** - marked desktop file folders with Design Ideas incontestably registered trademark **STEPSORTER.**

12. At no time has Design Ideas authorized Meijer to import into the United States or to offer for sale or to make, use or sell the inventions protected by Design Ideas' patents.

13. At no time has Design Ideas authorized Meijer to copy, adopt, imitate or simulate Design Ideas' **MESH TRADE DRESS**.

14. At no time has Design Ideas authorized Meijer to copy, adopt, imitate or simulate Design Ideas' registered trademark **STEPSORTER**.

## COUNT I

## INFRINGEMENT OF THE '675 PATENT

15. Design Ideas realleges and incorporates by reference paragraphs 1 through 14 of the Complaint as though fully set forth herein.

16. Meijer has infringed and continues to infringe the '675 patent in violation of 35 U.S.C. § 271(a). Particularly, Meijer has imported into the United States and continues to import into the United States, has sold and has offered to sell and continues to sell and offer to sell a mesh basket as claimed in the '675 Patent.

17. Design Ideas has given Meijer actual notice of the infringement and Meijer has continued to infringe thereafter.

18. Meijer's infringing activities have been and continue to be knowing, wanton, deliberate and willful and in conscious disregard of Design Ideas' patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

19. Design Ideas has sustained damages as a result of Meijer's infringing activities and will continue to sustain damages in the future unless the infringement of the '675 patent is permanently enjoined by this Court. Such damages include lost profits,

erosion of Design Ideas' pricing for its competing products and sales and in any event, no less than a reasonable royalty as set forth in 35 U.S.C.§ 284.

**WHEREFORE**, Design Ideas prays that this Court grant the following relief:

A. A judgment that Meijer has infringed the '675 patent;

B. An accounting for damages and judgment thereon, resulting from Meijer's infringement of the '675 patent, together with costs, pre-judgment and post-judgment interest;

C. A judgment in favor of Design Ideas and against Meijer in the amount of Meijer's total profit arising from the infringement in accordance with 35 U.S.C § 289;

D. A judgment that Meijer knowingly and willfully engaged in the infringement of the '675 patent, and a trebling of damages pursuant to 35 U.S.C. § 284;

E. A permanent injunction against Meijer, its officers, agents, employees, parent and subsidiary corporations, assigns, successors in interest and all those persons in active concert or participation with them or any of them, enjoining them from continued acts of infringement of the '675 patent;

F. A judgment holding this action to be an exceptional case within the meaning of 35 U.S.C. § 285 and an award to Design Ideas of its reasonable attorney fees; and

G. Such other and further relief as to the Court seems just and equitable.

## COUNT II

### INFRINGEMENT OF THE '302 PATENT

20. Design Ideas realleges and incorporates by reference paragraphs 1 through 19 of the Complaint as though fully set forth herein.

21. Meijer has infringed and continues to infringe the '302 patent in violation of 35 U.S.C. § 271(a). Particularly, Meijer has imported into the United States and continues to import into the United States, has sold and has offered to sell and continues to sell and offer to sell a mesh basket as claimed in the '302 Patent.

22. Design Ideas has given Meijer actual notice of the infringement and Meijer has continued to infringe thereafter.

23. Meijer's infringing activities have been and continue to be knowing, wanton, deliberate and willful and in conscious disregard of Design Ideas' patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

24. Design Ideas has sustained damages as a result of Meijer's infringing activities and will continue to sustain damages in the future unless the infringement of the '302 patent is permanently enjoined by this Court. Such damages include lost profits, erosion of Design Ideas' pricing for its competing products and sales and in any event, no less than a reasonable royalty as set forth in 35 U.S.C. § 284.

**WHEREFORE**, Design Ideas prays that this Court grant the following relief:

A. A judgment that Meijer has infringed the '302 patent;

B. An accounting for damages and judgment thereon, resulting from Meijer's infringement of the '302 patent, together with costs, pre-judgment and post-judgment interest;

C. A judgment in favor of Design Ideas and against Meijer in the amount of Meijer's total profit arising from the infringement in accordance with 35 U.S.C. § 289;

D. A judgment that Meijer knowingly and willfully engaged in the infringement of the '302 patent and a trebling of damages pursuant to 35 U.S.C. § 284;

E. A permanent injunction against Meijer, its officers, agents, employees, parent and subsidiary corporations, assigns, successors in interest and all those persons in active concert or participation with them or any of them, enjoining them from continued acts of infringement of the '302 patent;

F. A judgment holding this action to be an exceptional case within the meaning of 35 U.S.C. § 285 and an award to Design Ideas of its reasonable attorney fees; and

G. Such other and further relief as to the Court seems just and equitable.

## COUNT III

## INFRINGEMENT OF THE '711 PATENT

25. Meijer has infringed and continues to infringe the '711 patent in violation of 35 U.S.C. § 271(a). Particularly Meijer has imported into the United States and continues to import into the United States, has sold and has offered to sell and continues to sell and offer to sell an organizer as claimed in the '711 patent.

26. Design Ideas has given Meijer actual notice of the infringement and Meijer has continued to infringe thereafter.

27. Meijer's infringing activities have been and continue to be knowing, wanton, deliberate and willful and in disregard of Design Ideas patent rights making this an exceptional case within the meaning of 35 U.S.C. § 285.

28. Design Ideas has sustained damages as a result of Meijer's infringing activities and will continue to sustain damages in the future unless the infringement of the '711 patent is permanently enjoined by this Court. Such damages include lost profits, erosion of Design Ideas' pricing for its competing products and sales and in any event, no less than a reasonable royalty as set forth in 35 U.S.C. § 284.

**WHEREFORE**, Design Ideas prays that this Court grant the following relief:

A. A judgment that Meijer has infringed the '711 patent;

B. An accounting for damages and judgment thereon, resulting from Meijer's infringement of the '711 patent, together with costs and pre-judgment and post-judgment interest;

C. A judgment in favor of Design Ideas and against Meijer in the amount of Meijer's total profit arising from the infringement in accordance with 35 U.S.C. § 289;

D. A judgment that Meijer knowingly and willfully engaged in the infringement of the '711 patent and a trebling of damages pursuant to 35 U.S.C. § 284;

E. A permanent injunction against Meijer, its officers, agents, employees, parent and subsidiary corporations, assigns, successors in interest and all those persons in active concert or participation with them or any of them, from continued acts of infringement of the '711 patent;

F. A judgment holding this action to be an exceptional case within the meaning of 35 U.S.C. § 285 and an award to Design Ideas of its reasonable attorney fees; and

G. Such other and further relief as to the Court seems just and equitable.

## COUNT IV

## INFRINGEMENT OF DESIGN IDEAS' TRADE DRESS

29. Design Ideas realleges and incorporates by reference paragraphs 1 through 28 of the Complaint as though fully set forth herein.

30. Subsequent to Design Ideas' acquisition of secondary meaning in its **MESH TRADE DRESS** as described herein, Meijer began to use a trade dress confusingly similar to Design Ideas' **MESH TRADE DRESS**. Particularly, Meijer adopted a mesh

trade dress on a line of products which substantially imitated or duplicated Design Ideas' **MESH TRADE DRESS** product line including bookends, business card holders, CD boxes, desk organizers, doodad cups, drawer organizers, file boxes, pencil cups, magazine files, wastebins, file holders, tabletop files and zip disc boxes.

31. Meijer's mesh products listed above in paragraph 30, as well as possibly others, are directed to the same class of consumers as is Design Ideas' **MESH TRADE DRESS** product line.

32. Meijer's use of a trade dress that imitates or simulates the trade dress of Design Ideas as set forth above is likely to cause confusion among members of the public and to cause them mistakenly to believe that the mesh products of Meijer as set forth herein originate with or are produced, distributed, displayed or sold in affiliation with, under license from or with the approval of Design Ideas.

33. Meijer's use of confusingly similar trade dress to that of Design Ideas is likely to and does permit Meijer to misappropriate and unfairly trade upon the valuable good will and reputation of Design Ideas.

34. Meijer has infringed and continues to infringe upon the rights of Design Ideas in its **MESH TRADE DRESS** in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Particularly, Meijer's acts constitute false designations of origin, false and misleading descriptions and false and misleading representations, which are likely to cause confusion, mistake or deception as to the affiliation, connection or association of Meijer with Design Ideas, or as to the origin, sponsorship, or approval of Meijer's products by Design Ideas.

**WHEREFORE**, Design Ideas prays that this Court grant the following relief:

A. A permanent injunction against Meijer, its officers, agents, employees, parent and subsidiary corporations, assigns, successors in interest and all persons in active concert or participation with them or any of them, enjoining them from using a trade dress that imitates or simulates Design Ideas' **MESH TRADE DRESS** in connection with the sale, offering for sale or distributing of any product wherein such use would be likely to cause confusion or to cause mistake or to deceive;

B. A judgment in favor of Design Ideas and against Meijer in an amount equal to the damages sustained by Design Ideas and the profits earned by Meijer from the infringement alleged herein pursuant to 15 U.S.C. § 1117(a);

C. A judgment that Meijer knowingly and willfully engaged in the infringement of Design Ideas **MESH TRADE DRESS** and a trebling of damages pursuant to 15 U.S.C. § 1117(a);

D. A judgment holding this action to be an exceptional case and an award to Design Ideas of its reasonable attorney fees and costs pursuant to 15 U.S.C. § 1117(a); and

E. Such other and further relief as to the Court seems just and equitable.

## COUNT V

## COMMON LAW UNFAIR COMPETITION

35. Design Ideas realleges and incorporates by reference paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. The above stated acts of Meijer constitute unfair competition under the common law of the State of Illinois.

**WHEREFORE,** Design Ideas prays that this Court grant the following relief:

A. A permanent injunction against Meijer, its officers, agents employees, parent and subsidiary corporations, assigns and successors in interest and all persons in active participation with them or any of them, enjoining them from continuing said acts of unfair competition;

B. A judgment in favor of Design Ideas and against Meijer for damages, directly and indirectly caused by said acts of unfair competition and for costs of suit; and

C. Such other and further relief as to this Court seems just and equitable.

## COUNT VI

## DECEPTIVE TRADE PRACTICES

37. Design Ideas realleges and incorporates by reference paragraphs 1 through 36 of this Complaint as though fully set forth herein.

38. The above stated acts of Meijer constitute willful deceptive trade practices in violation of § 2(a)(1), (2), (3) and (12) of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2(a)(1), (2), (3) and (12).

**WHEREFORE,** Design Ideas prays that this Court grant the following relief:

A. A permanent injunction against Meijer, its officers, agents, employees, parent and subsidiary corporations, assigns successors in interest and all persons in active concert or participation with them or any of them, enjoining them from continuing such deceptive trade practices;

B. A judgment in favor of Design Ideas and against Meijer stating that Meijer has willfully engaged in said deceptive trade practices and awarding Design Ideas its reasonable attorney fees and costs pursuant to Section 3 of the Illinois Deceptive Trade Practices Act 815 ILCS 510/3; and

C.  Such other and further relief as to this Court seems just and equitable.

## COUNT VII

### FEDERAL TRADEMARK INFRINGEMENT

39. Design Ideas has adopted the trademark **STEPSORTER** and has used it in interstate commerce for desk accessories for sorting letters, papers and the like, namely, desk top document stands and desk top file trays. On January 5, 2000, Design Ideas filed an application for registration of said mark in the United States patent and Trademark Office. On December 26, 2000, said mark was registered in the United States Patent and Trademark Office on the Principal Register under the Act of 1946 covering the use of the mark on desk accessories for sorting letters, papers and the like, namely, desk top document racks, desk top document stands and desk top file trays. The validity of the registered mark and of the registration of the mark and Design Ideas' exclusive right to use said registered mark in commerce are incontestable under 15 U.S.C. § 1065 and 15 U.S.C. § 1115(b), since Design Ideas has filed the required affidavit with the U.S. Patent and Trademark Office.

40. Continuously, since on or about January 9, 1997, Design Ideas has used the mark **STEPSORTER** to identify its goods and to distinguish them from those made and sold by others, by, among other things, prominently displaying the mark **STEPSORTER** on the goods, their containers and the displays associated therewith. In addition, Design Ideas has prominently displayed said mark in its catalogs.

41. Meijer has infringed Design Ideas' **STEPSORTER** mark by selling, offering for sale and advertising desk accessories for sorting letters, papers and the like under the

name and mark **STEPSORTER.** Meijer's use of Design Ideas' incontestable **STEPSORTER** mark is without permission or authority from Design Ideas, and is likely to cause confusion, to cause mistake and to deceive.

42. By reason of Meijer's acts alleged herein, Design Ideas has and will suffer damage to its business reputation and good will and the loss of sales and profits Design Ideas would have made but for Meijer's acts.

43. Meijer threatens to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Design Ideas irreparable damage.

## PRAYER FOR RELIEF

**WHEREFORE,** Design Ideas prays that this Court grant the following relief:

A. That this Court grant an injunction pursuant to the powers granted it under 15 U.S.C. § 1116, enjoining and restraining defendant Meijer and its agents, employees and servants from directly or indirectly using the mark **STEPSORTER** or any other mark, word or name similar to **STEPSORTER** which is likely to cause confusion, mistake or to deceive;

B. That this Court pursuant to the power granted it under 15 U.S.C. § 1118 order that all labels, signs, prints, packages, wrappers, receptacles and advertisements in the possession of Meijer bearing the mark **STEPSORTER** and all plates, molds, matrices and other means for making the same, shall be delivered up and destroyed;

C. That Meijer be required to account to Design Ideas for any and all profits derived by it from the sale of its goods bearing the **STEPSORTER** mark and for all damages sustained by Design Ideas by reason of its acts complained of herein;

  D. That this Court award Design Ideas treble the amount of damages which it has actually suffered;

  E. That the costs of this action be awarded Design Ideas;

  F. That this is an exceptional case and that Design Ideas be awarded its reasonable attorney fees; and

  G. That this Court award such other and further relief as to it seems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), plaintiff Design Ideas hereby demands a jury trial on all issues triable of right by jury.

                Respectfully submitted,

                **DESIGN IDEAS, LTD.,**

                by its attorneys,

Lead Counsel:            **BROWN, HAY & STEPHENS, LLP**

Dated:   April 25, 2007    By:   **/s/ Paul Bown**
                                                    Registration No. 0265926
                                                    Attorney for Plaintiff
                                                    Brown, Hay & Stephens, LLP
                                                    205 S. Fifth Street, Suite 700
                                                    Springfield, Illinois 62701
                                                    Telephone: (217) 544-8491
                                                    Fax: (217) 544-9609
                                                    Email: pbown@bhslaw.com

                and

                **SAIDMAN Design Law Group**

                Perry J. Saidman
                Michael T. Platt
                Garfield Goodrum
                8601 Georgia Avenue
                Silver Spring, MD  20910
                (301) 585-8601
                fax: (301) 585-0138
                garfield.goodrum@designlawgroup.com
                <sub>Attorney Goodrum is admitted in MA and NH, and not yet admitted in MD.</sub>

JS 44 (Rev. 11/04)                              **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
DESIGN IDEAS, LTD.

### DEFENDANTS
MEIJER, INC.

**(b)** County of Residence of First Listed Plaintiff: Sangamon County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Kent County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Brown, Hay & Stephens, 205 S. Fifth Street, Suite 700, Springfield, Illinois 62701, (217) 544-8491

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. § 1, et seq., including 35 U.S.C. § 271, 15 U.S.C. § 1114, and 15 U.S.C. § 1125(a)

Brief description of cause:
Infringement of U.S. patents and federally registered trademark and unfair competition

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE: 4/25/07
SIGNATURE OF ATTORNEY OF RECORD: /s/ Paul Bown, Brown, Hay & Stephens, LLP

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____