**E-FILED**
Tuesday, 04 September, 2007  10:19:33 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| **DESIGN IDEAS, LTD.,** ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 07-03107-JES-BGC** |
| **v.** ) | |
| ) | |
| **MEIJER, INC.,** ) | |
| **Defendant.** ) | |

### ANSWER OF MEIJER, INC.

Defendant, MEIJER, INC. ("Meijer"), by and through its attorneys, QUERREY &

HARROW, LTD., moves this Court as follows:

1.      This is an action for patent infringement under the patent laws of
the United States, 35 U.S.C. §1 et. seq., including 35 U.S.C. §271, for
infringement of a federally registered trademark under 32 of the Trademark Act of
1946, as amended. (the "Lanham Act") 15 U.S.C. §1114, for trade dress
infringement under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and for
related claims under the laws of the State of Illinois for deceptive trade practices
under the Illinois Deceptive Trade Practices Act. 815 ILCS 510/1 et seq. and
common law unfair competition. The claims arise out of Defendants actions with
respect to certain products, as more fully described herein, developed, owned and
patented by Plaintiff and marketed and sold by Plaintiff under its **MESH TRADE
DRESS.**

**Answer:**  Meijer admits that plaintiff purports to file this action pursuant to the patent laws of the

United States set forth in Title 35 of the United States Code, pursuant to the trademark laws set

forth in Title 15 of the United States Code, and pursuant to the Illinois Deceptive Trade Practices

Act, but Meijer specifically denies that the plaintiff's claims arise out of any actions by Meijer with

respect to any products of plaintiff.

1

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and 1338(a) and (b), 15 U.S.C. §1121(a) and exclusive jurisdiction pursuant to 28 U.S.C. §1338(a) with respect to the claims for patent infringement. This Court has jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367 (a).

**Answer:**  Meijer admits that 28 U.S.C. 1338(a) provides that the district courts of the United States have exclusive jurisdiction over plaintiff's claims for patent and copyright infringement, but Meijer otherwise denies the allegations of paragraph 2.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) and §1400(a) and (b).

**Answer:**  Meijer admits the allegations contained in paragraph 3.

## THE PARTIES

4.      Plaintiff, Design Ideas, Ltd. ("Design Ideas"), is a corporation organized and existing under the laws of the state of Illinois, and maintains its principal place of business at 2521 Stockyard Road, Springfield, Illinois. Design Ideas is engaged in the business of manufacturing and distributing highly decorative and useful items including a line of products sold under its MESH TRADE DRESS. Design Ideas is the sole assignee of the patents-in-suit, as defined below.

**Answer:**  Meijer lacks sufficient knowledge or information to admit or deny the allegations of paragraph 4 and therefore denies those allegations.

2

5.     Defendant, Meijer, Inc. ("Meijer") is a corporation organized and existing under the laws of the state of Michigan, and maintains its principal place of business at 2929 Walker Ave. NW, Grand Rapids, Michigan. Meijer operates more than 170 combination grocery and general merchandise stores throughout the Midwest, and does business and has committed the acts complained of in the Central District of Illinois.

**Answer:**  Meijer admits that it is a Michigan corporation having its principal place of business at 2929 Walker Ave, NW. Grand Rapids, Michigan; that it operates combination grocery and general merchandise stores throughout the Midwest, including stores in Illinois; but Meijer otherwise denies the allegations of paragraph 5 and specifically denies that it has committed any acts that warrant plaintiff's complaints.

### DESIGN IDEAS' PATENTS

6.     In the late 1980's, plaintiff Design Ideas began developing and marketing a series of organizers and storage devices made of an instantly recognizable metallic mesh material, including stacking bins, zip boxes, CD boxes, tabletop files, DVD boxes, drawer organizers and file boxes. In order to protect the highly novel, original and ornamental aspects of its products, Design Ideas embarked on a program of applying for and obtaining design patent protection.

**Answer:**  Meijer denies that it has infringed any valid intellectual property rights of plaintiff and otherwise lacks sufficient knowledge or information to admit or deny the allegations of paragraph 6 and therefore denies those allegations.

7.     Among the patents which it obtained and which are assigned to Design Ideas are United States Design Patent Des. 419,302 (the '302 patent") issued on January 25, 2000, entitled MESH BASKET; United States Design Patent Des. 433,711 (the '711 patent") issued on November 14, 2000, entitled ORGANIZER and United States Design Patent D451,675 S (the '675 patent") issued on December 11, 2001, entitled MESH BASKET. True and correct copies of the `302, `711 and `675 patents are attached hereto and made a part hereof by reference. These patents are referred to collectively sometimes hereafter as DI's Patents.

3

**Answer:**  Meijer admits that copies of the United States Design Patent Des. 419,302 (the "302 patent") entitled "Mesh Basket" and bearing an issue date of January 25, 2000, the United States Design Patent Des. 433,711 (the "711 patent") entitled "Organizer" and bearing an issue date of November 14, 2000, and United States Design Patent Des. D451,675 S (the "675 patent") entitled "Mesh Basket" and bearing an issue date of December 11, 2001 are attached to plaintiff's complaint, but Meijer otherwise lacks sufficient knowledge or information to admit or deny the allegations of paragraph 7 and therefore denies those allegations.

## DESIGN IDEAS' TRADE DRESS

8.      As noted above, Design Ideas has been marketing a series of mesh organizers and storage devices instantly recognizable by their unique metallic mesh surfaces and has promoted the sale of these products by using the catch-phrase THE LEADER IN MESH in connection therewith. While some of these products are protected by United States Design Patents, others are not. However, because of their non-functional, distinctive appearance they, along with the patented products, have imbued Design Ideas' entire line of mesh storage and organizing products with secondary meaning among the relevant trade and public. Among the products included in this product line are MESH TRADE DRESS marked bookends, business card holders, CD boxes, file boxes, wastebins (sic), stacking bins, letter holders, DVD boxes, file racks, desk organizers, doodad cups, pencil cups, magazine files, stacking bins, tabletop files and zip disc boxes. Thus, the design, image and appearance of these MESH TRADE DRESS marked products have come to signify Design Ideas' trade dress and Design Ideas as their single source.

**Answer:**  Meijer admits that Design Ideas claims rights in certain patents, not all of Design Ideas products are covered by patents and that Design Ideas markets different products using wire mesh. Meijer has insufficient information with which to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the complaint and therefore denies the same and demands strict proof thereof.

4

## DESIGN IDEAS' UNITED STATES TRADEMARK REGISTRATION

9.     Design Ideas is the owner of United States incontestable Trademark Registration No. 2,415,780, which registered on December 26, 2000, for the mark STEPSORTER for "wire mesh desk accessories for sorting letters, papers and the like, namely, desk top document racks, desk top document stands and desk top file trays." Design Ideas has used the mark on these goods in interstate commerce continuously since January 9, 1997.

**Answer:**  Meijer lacks sufficient knowledge or information to admit or deny the allegations of paragraph 9 and therefore denies those allegations.

## MEIJER'S INFRINGING ACTIVITIES

10.     Defendant Meijer was a customer of Design Ideas for its mesh products until recently, when it decided to have the very mesh products it had been purchasing from Design Ideas made elsewhere and imported into this country. Meijer knew these items to be proprietary to Design Ideas, yet Meijer began and has continued to offer for sale and import them into this country. These items include MESH TRADE DRESS - marked bookends, business card holders, CD boxes, desk organizers, doodad cups, drawer organizers, file boxes, pencil cups, letter holders, magazine files, wastebins (sic), stacking bins, desktop file holders and zip disc boxes. All of these MESH TRADE DRESS - marked items are substantially similar to those Meijer previously purchased from Design Ideas despite the fact that it knew the product line to be proprietary to Design Ideas.

**Answer:**  Meijer denies that there is any originality in the Mesh Trade Dress consumer goods and otherwise lacks the sufficient knowledge or information to admit or deny the allegations of paragraph 10 and therefore denies those allegations.

11.     Additionally, Meijer has been marking its MESH TRADE DRESS - marked desktop file folders with Design Ideas incontestably registered trademark STEPSORTER.

**Answer:**  Meijer lacks sufficient knowledge or information to admit or deny the allegations of paragraph 11and therefore denies those allegations.

5

12.    At no time has Design Ideas authorized Meijer to import into the
United States or to offer for sale or to make, use or sell the inventions protected by
Design Ideas' patents.

**Answer:**  Meijer admits that it has not received specific authorization from the plaintiff to import,

use, or sell inventions protected by the '302, '711, and '675 patents, and Meijer denies the

implication of paragraph 12 that it has utilized any subject matter validly claimed in the '302, '711,

and '675 patents.

13.    At no time has Design Ideas authorized Meijer to copy, adopt,
imitate or simulate Design Ideas' MESH TRADE DRESS.

**Answer:**  Meijer admits that it has not received specific authorization from the plaintiff to copy,

adapt, or imitate or simulate the plaintiff's Mesh Trade Dress, and denies the implication of

paragraph 13 that it has improperly utilized the plaintiff's Mesh Trade Dress.

14.    At no time has Design Ideas authorized Meijer to copy, adopt,
imitate or simulate Design Ideas' registered trademark STEPSORTER.

**Answer:**  Meijer admits that it has not received specific authorization from the plaintiff to copy,

adapt, or imitate or simulate the plaintiff's ideas with respect to any trademark, and denies the

implication of paragraph 14 that it has improperly utilized the plaintiff's subject matter protected

by any trademark.

## COUNT I

## INFRINGEMENT OF THE '675 PATENT

15.    Design Ideas realleges and incorporates by reference paragraphs 1
through 14 of the Complaint as though fully set forth herein.

6

**Answer:**  Meijer incorporates herein its responses to paragraphs 1-14.

16.     Meijer has infringed and continues to infringe the `675 patent in violation of 35 U.S.C. § 271(a). Particularly, Meijer has imported into the United States and continues to import into the United States, has sold and has offered to sell and continues to sell and offer to sell a mesh basket as claimed in the `675 Patent.

**Answer:**  Meijer denies the allegations of paragraph 16.

17.     Design Ideas has given Meijer actual notice of the infringement and Meijer has continued to infringe thereafter.

**Answer:**  Meijer denies the allegations of paragraph 17.

18.     Meijer's infringing activities have been and continue to be knowing, wanton, deliberate and willful and in conscious disregard of Design Ideas' patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

**Answer:**  Meijer denies the allegations of paragraph 18.

19.     Design Ideas has sustained damages as a result of Meijer's infringing activities and will continue to sustain damages in the future unless the infringement of the `675 patent is permanently enjoined by this Court. Such damages include lost profits, erosion of Design Ideas' pricing for its competing products and sales and in any event, no less than a reasonable royalty as set forth in 35 U.S.C.§ 284.

**Answer:**  Meijer denies the allegations of paragraph 19.

WHEREFORE,  Defendant, MEIJER, INC., prays as follows:

A.     That Count I of the complaint be dismissed with prejudice; and

B.     For such other and further relief as this Court deems just and proper.

## COUNT II

7

## <u>INFRINGEMENT OF THE `302 PATENT</u>

20.     Design Ideas realleges and incorporates by reference paragraphs 1 through 19 of the Complaint as though fully set forth herein.

**<u>Answer:</u>**  Meijer incorporates herein its responses to paragraphs 1-19.

21.     Meijer has infringed and continues to infringe the `302 patent in violation of 35 U.S.C. § 271(a). Particularly, Meijer has imported into the United States and continues to import into the United States, has sold and has offered to sell and continues to sell and offer to sell a mesh basket as claimed in the `302 Patent.

**<u>Answer:</u>**  Meijer denies the allegations of paragraph 21.

22.     Design Ideas has given Meijer actual notice of the infringement and Meijer has continued to infringe thereafter.

**<u>Answer:</u>**  Meijer denies all other allegations of paragraph 22.

23.     Meijer's infringing activities have been and continue to be knowing, wanton, deliberate and willful and in conscious disregard of Design Ideas' patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

**<u>Answer:</u>**  Meijer denies the allegations of paragraph 23.

24.     Design Ideas has sustained damages as a result of Meijer's infringing activities and will continue to sustain damages in the future unless the infringement of the `302 patent is permanently enjoined by this Court. Such damages include lost profits, erosion of Design Ideas' pricing for its competing products and sales and in any event, no less than a reasonable royalty as set forth in 35 U.S.C. § 284.

**<u>Answer:</u>**  Meijer denies the allegations of paragraph 24.

WHEREFORE,  Defendant, MEIJER, INC., prays as follows:

A.  That Count II of the complaint be dismissed with prejudice; and

8

B.  For such other and further relief as this Court deems just and proper.

## COUNT III

## INFRINGEMENT OF THE `711 PATENT

25.    Meijer has infringed and continues to infringe the `711 patent in violation of 35 U.S.C. § 271(a). Particularly Meijer has imported into the United States and continues to import into the United States, has sold and has offered to sell and continues to sell and offer to sell an organizer as claimed in the '711 patent.

**Answer:**  Meijer denies the allegations of paragraph 25.

26.    Design has given Meijer actual notice of the infringement and Meijer has continued to infringe thereafter.

**Answer:**  Meijer denies all other allegations of paragraph 26.

27.    Meijer's infringing activities have been and continue to be knowing, wanton, deliberate and willful and in disregard of Design Ideas patent rights making this an exceptional case within the meaning of 35 U.S.C. § 285.

**Answer:**  Meijer denies the allegations of paragraph 27.

28.    Design Ideas has sustained damages as a result of Meijer's infringing activities and will continue to sustain damages in the future unless the infringement of the `711 patent is permanently enjoined by this Court. Such damages include lost profits, erosion of Design Ideas' pricing for its competing products and sales and in any event, no less than a reasonable royalty as set forth in 35 U.S.C. § 284.

**Answer:**  Meijer denies the allegations of paragraph 28.

WHEREFORE,  Defendant, MEIJER, INC., prays as follows:

A.  That Count III of the complaint be dismissed with prejudice; and

B.  For such other and further relief as this Court deems just and proper.

## COUNT IV

## INFRINGEMENT OF DESIGN IDEAS' TRADE DRESS

9

29.     Design Ideas realleges and incorporates by reference paragraphs 1 through 28 of the Complaint as though fully set forth herein.

**Answer:** Meijer realleges its answers to paragraphs 1 through 28 of the Complaint as its answer to paragraph 29 of the complaint.

30.     Subsequent to Design Ideas' acquisition of secondary meaning in its MESH TRADE DRESS as described herein, Meijer began to use a trade dress confusingly similar to Design Ideas' MESH TRADE DRESS. Particularly, Meijer adopted a mesh trade dress on a line of products which substantially imitated or duplicated Design Ideas' MESH TRADE DRESS product line including bookends, business card holders, CD boxes, desk organizers, doodad cups, drawer organizers, file boxes, pencil cups, magazine files, wastebins, file holders, tabletop files and zip disc boxes.

**Answer:** Meijer admits that it marketed certain items that were manufactured using wire mesh. Meijer has insufficient information with which to form a belief as to the truth of the remaining allegations contained in paragraph 30 and therefore denies the same and demands strict proof thereof.

31.     Meijer's mesh products listed above in paragraph 30, as well as possibly others, are directed to the same class of consumers as is Design Ideas' MESH TRADE DRESS product line.

**Answer:** Meijer admits that it marketed certain items that were manufactured using wire mesh. Meijer has insufficient information with which to form a belief as to the truth of the remaining allegations contained in paragraph 31 and therefore denies the same and demands strict proof thereof.

10

32.    Meijer's use of a trade dress that imitates or simulates the trade dress of Design Ideas as set forth above is likely to cause confusion among members of the public and to cause them mistakenly to believe that the mesh products of Meijer as set forth herein originate with or are produced, distributed, displayed or sold in affiliation with, under license from or with the approval of Design Ideas.

**Answer:**  Meijer has insufficient information with which to form a belief as to the truth of the allegations contained in paragraph 32 and therefore denies the same and demands strict proof thereof.

33.    Meijer's use of confusingly similar trade dress to that of Design Ideas is likely to and does permit Meijer to misappropriate and unfairly trade upon the valuable good will and reputation of Design Ideas.

**Answer:**  Meijer denies that it misappropriated and unfairly traded upon the good will and reputation of Design Ideas. Meijer has insufficient information with which to form a belief as to the truth of the remaining allegations contained in paragraph 33 and therefore denies the same and demands strict proof thereof.

34.    Meijer has infringed and continues to infringe upon the rights of Design Ideas in its MESH TRADE DRESS in violation of Section 43(a) of the Lanham Act, 1.5 U.S.C. § 1125(a). Particularly, Meijer's acts constitute false designations of origin, false and misleading descriptions and false and misleading representations, which are likely to cause confusion, mistake or deception as to the affiliation, connection or association of Meijer with Design Ideas, or as to the origin, sponsorship, or approval of Meijer's products by Design Ideas.

**Answer:**  Meijer denies the allegations contained in paragraph 34.

WHEREFORE,   Defendant, MEIJER, INC., prays as follows:

C.  That Count IV of the complaint be dismissed with prejudice; and

D.  For such other and further relief as this Court deems just and proper.

## COUNT V

## COMMON LAW UNFAIR COMPETITION

35.    Design Ideas realleges and incorporates by reference paragraphs 1 through 34 of this Complaint as though fully set forth herein.

**Answer:**  Meijer restates its answers to paragraphs 1 through 34 of the Complaint as its answer to paragraph 35 of the complaint.

36.    The above stated acts of Meijer constitute unfair competition under the common law of the State of Illinois.

**Answer:**  Meijer denies the allegations contained in Paragraph 36.

WHEREFORE,   Defendant, MEIJER, INC., prays as follows:

A.    That Count V of the complaint be dismissed with prejudice; and

B.    For such other and further relief as this Court deems just and proper.

## COUNT VI

## DECEPTIVE TRADE PRACTICES

37.    Design Ideas realleges and incorporates by reference paragraphs 1 through 36 of this Complaint as though fully set forth herein.

**Answer:**  Meijer realleges its answers to paragraphs 1 through 36 of the Complaint as its answer to paragraph 37 of the complaint.

38.    The above stated acts of Meijer constitute willful deceptive trade practices in violation of § 2(a)(l), (2), (3) and (12) of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 51012(a)(1), (2), (3) and (12).

**Answer:**  Meijer denies the allegations contained in Paragraph 38.

WHEREFORE,  Defendant, MEIJER, INC., prays as follows:

A.      That Count VI of the complaint be dismissed with prejudice; and

B.      For such other and further relief as this Court deems just and proper.

## COUNT VII

## FEDERAL TRADEMARK INFRINGEMENT

39.      Design Ideas has adopted the trademark STEPSORTER and has used it in interstate commerce for desk accessories for sorting letters, papers and the like, namely, desk top document stands and desk top file trays. On January 5, 2000, Design Ideas filed an application for registration of said mark in the United States patent and Trademark Office. On December 26, 2000, said mark was registered in the United States Patent and Trademark Office on the Principal Register under the Act of 1946 covering the use of the mark on desk accessories for sorting letters, papers and the like, namely, desk top document racks, desk top document stands and desk top file trays. The validity of the registered mark and of the registration of the mark and Design Ideas' exclusive right to use said registered mark in commerce are incontestable under 15 U.S.C. § 1065 and 15 U.S.C. § 1115(b), since Design Ideas has filed the required affidavit with the U.S. Patent and Trademark Office.

**Answer:** Meijer has insufficient information with which to form a belief as to the truth of the remaining allegations contained in paragraph 39 of the complaint and therefore denies the same and demands strict proof thereof.

40.      Continuously, since on or about January 9, 1997, Design Ideas has used the mark STEPSORTER to identify its goods and to distinguish them from those made and sold by others, by, among other things, prominently displaying the mark STEPSORTER on the goods, their containers and the displays associated therewith. In addition, Design Ideas has prominently displayed said mark in its catalogs.

**Answer:** Meijer has insufficient information with which to form a belief as to the truth of the remaining allegations contained in paragraph 40 of the complaint and therefore denies the same and

demands strict proof thereof.

41.    Meijer has infringed Design Ideas' STEPSORTER mark by selling, offering for sale and advertising desk accessories for sorting letters, papers and the like under the name and mark STEPSORTER. Meijer's use of Design Ideas' incontestable STEPSORTER mark is without permission or authority from Design Ideas, and is likely to cause confusion, to cause mistake and to deceive.

**Answer:** Meijer denies the allegations contained in Paragraph 41.

42.    By reason of Meijer's acts alleged herein, Design Ideas has and will suffer damage to its business reputation and good will and the loss of sales and profits Design Ideas would have made but for Meijer's acts.

**Answer:** Meijer denies the allegations contained in Paragraph 42.

43.    Meijer threatens to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Design Ideas irreparable damage.

**Answer:** Meijer denies the allegations contained in Paragraph 43.

WHEREFORE,   Defendant, MEIJER, INC., prays as follows:

A.    That Count VII of the complaint be dismissed with prejudice; and

B.    For such other and further relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

1.    Meijer has not infringed any valid claim of the '302, '711, and '675 patents.

2.    The claims of the '302, '711, and '675 patents are invalid and/or unenforceable under one or more provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. 102, 103, and 112.

14

3.      If any claims of the '302, '711, and '675 patents were construed so broadly as to cover the Mesh Trade Dress consumer goods, such claims necessarily would be invalid.

4.      Even if Meijer were found to have infringed a valid claim of the '302, '711, and '675 patents, plaintiff would not be entitled to any damages for patent infringement occurring before Meijer received actual notice of plaintiff's allegation of infringement of the '302, '711, and '675 patents.

5.      Meijer has not infringed any valid trademark of plaintiff.

6.      The rights granted by US Trademark Registration No. 2,415,780 do not encompass the mesh consumer goods purchased elsewhere.

7.      Plaintiff's claims are barred by laches.

8.      Plaintiff's claims are barred by equitable estoppel.

WHEREFORE, Defendant, MEIJER, INC., respectfully requests that this Court enter a judgment in favor of Meijer and against plaintiff:

A.      Declaring that Meijer has not infringed, either directly or indirectly, any claim of patents '302, '711, and '675;

B.      Declaring that all claims of patents '302, '711, and '675 are invalid;

C.      Decreeing that this case is exceptional within the meaning of 35 U.S.C. 285 and awarding to Meijer and against plaintiff all of Meijer's damages resulting from the institution of this action, including all of its costs and attorneys' fees incurred in its defense of plaintiff's patent infringement allegations;

D.      Declaring that Meijer has not infringed any trademark of plaintiff;

E.      Declaring that US Design Patent Des. 419,302 is invalid;

15

F.      Declaring that US Design Patent Des. 433,711 is invalid;

G.      Declaring that US Design Patent Des. D451,675 S is invalid;

H.      Awarding Meijer its attorneys fees and costs pursuant to 17 U.S.C. 505; and

I.      Awarding Meijer such other and further relief from at this Court deems just and

proper.

MEIJER, INC.,
By:   /s/Beverly A. Berneman
      Beverly A. Berneman

Beverly A. Berneman (6189418)
Lawrence A. Steingold (6729451)
Devon M. Eggert  (#6289425)
QUERREY & HARROW, LTD.
Attorneys for Defendant
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois  60604
312-540-7000

Document #: 1260432

16